## ERWIN v. PURYEAR.

HUSBAND AND WIFE: *Husband's vested interest in wife's lands: Constitution of 1868: Act of 1873.*

The interest which a husband acquired by his marriage in 1866 in the lands of his wife, was not excluded or affected by the provisions of the constitution of 1868 and the act of April 28, 1873, relating to the separate property of married women.

APPEAL from *Craighead* Circuit Court.
J. E. RIDDICK, Judge.

*E. F. Brown*, for appellee.

1. The conveyance was made prior to the *Constitution* of 1874, and hence the husband could convey his estate by curtesy. 38 *Ark.*, 91; 39 *Id*, 434.

2. The wife failed to schedule as provided by law. *Mansf. Dig.*, sec. 4636.

*S. S. Wassell*, for appellant.

1. No title passed by the joining of the wife in the deed. She only acknowledged relinquishment of dower, and she had no dower. The conveyance as to her was void. 43 *Ark.*, 156; 33 *Id.*, 432.

2. The power of the husband, under the common law, to convey his wife's property during coverture and without her concurrence under his tenancy by curtesy, was abolished by *art.* 9, *sec.* 7, *Const. of* 1874, and *Act of April* 28, 1873. *Neeley v. Lancaster*, 47 *Ark.*; *Const of* 1868, *art.* 12, *sec.* 6.

3. A failure to schedule did not deprive her of the privileges, etc., of *Art.* 12, *sec.* 6, *Const. of* 1868. The registration is only required with reference to the liability of the wife's separate property for her husband's debts.

COCKRILL, C. J. At the time of the intermarriage of the appellants, in 1866, the wife was seized in fee of the land in controversy. The conveyance by which she acquired the title did not exclude the common law marital rights. In May, 1873, the husband sold the land, the wife joining in the deed apparently for the purpose of

relinquishing dower. This action of ejectment was instituted in 1886, by the husband and wife against the purchaser, from their vendee to recover the land. There was a verdict and judgment for the defendant.

It is conceded in the argument that the wife did not convey her estate, and her counsel argues that the husband had none to convey, because the constitution of 1868 and the act of April 28th 1873, made the land her separate property, and excluded the common law marital interest. The case of *Neelly v. Lancaster*, 47 *Ark.*, 175, is relied on to sustain the wife's right to recover. But that case differs from this, as *Shryock v. Cannon*, 39 *Ark.*, 434, does from *Criscoe v. Hambrick*, 47 *Id.*, 237. That is, the marital rights having attached before the passage of the act of 1873 and the adoption of the constitution of 1868, the subsequent laws did not rob the husband of his vested interest. It was so held in the cases above cited and others.

In *Tiller v. McCoy*, 38 *Ark.*, 91, the same point was ruled, though it would seem that the real question for determination in that case was, whether the creditor (not the husband) had a vested right which the subsequent laws affected. *Hitz v. National Bank*, 111 *U. S.*, 722.

Affirm.